UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACEY COUTEE, *Plaintiff,* | § § § | |
| v. | § | Civil Action H-11-4519 |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, *Defendant.* | § § § § | |

**SUMMARY JUDGMENT ORDER**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability benefits under Title II of the Social Security Act. The matter is before the court on the parties' cross-motions for summary judgment (Dkts. 23, 24). Having reviewed the parties' submissions, the record, and the law, the court grants defendant's motion and denies plaintiff's motion.[1]

**Background**

Coutee filed for disability benefits on April 6, 2009, alleging disability since February 6, 2009. Coutee's application was denied on initial review and she requested a hearing. After a hearing on June 22, 2010 at which plaintiff, a medical expert, and a vocational expert testified, the Administrative Law Judge (ALJ)

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including final judgment (Dkt.11).

rendered a decision on August 18, 2010 that Coutee was not disabled within the meaning of the Social Security Act. The appeals council denied review and the ALJ's decision became the final decision of the Commissioner.

**Analysis**

**A. Standard of Review**

Section 405(g) of the Social Security Act sets forth the standard of review in Social Security disability cases. In the Fifth Circuit, appellate review is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Substantial evidence is "more than a scintilla and less than a preponderance." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The evidence must be enough to allow a reasonable mind to support the Commissioner's decision. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (citing *Richardson v. Perales*, 402 U.S. 389, 401(1971)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). In order to qualify for disability benefits, a claimant must prove she has a disability, which is defined under the Social Security Act as the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A) and 1382c(s)(3)(A); *Masterson*, 309 F.3d at 271.

The ALJ must follow a five-step sequential analysis to determine whether a claimant is in fact disabled:

1. Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is yes, the inquiry ends and the claimant is not disabled.

2. Does the claimant have a severe impairment? If the answer is yes, the inquiry proceeds to question 3.

3. Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If so, the claimant is disabled. If not, then the inquiry proceeds to question 4.

4. Can the claimant still perform her past relevant work? If so, she is not disabled. If not, then the agency must assess the claimant's residual functional capacity (RFC).

5. Considering the claimant's RFC, age, education and work experience, is there other work she can do? If so, the claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. The burden of proof lies with the claimant to prove disability under the first four parts of the inquiry; the burden shifts to the Commissioner at the fifth step. *Id.*

## B. The Commissioner's Decision and the Evidence of Record

At step one of the sequential analysis, the ALJ found that Coutee had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that Coutee's medically determinable impairments of post-stroke status and mood disorder were not severe. Thus, the sequential analysis ended and the ALJ concluded that Coutee was not disabled within the meaning of the Act.

Coutee contends that remand is required because the ALJ applied an improper legal standard in determining whether she suffers from a severe impairment. Alternatively, Coutee contends that the ALJ's decision is not supported by substantial evidence in the record.

### 1. The ALJ did not apply the wrong severity standard

Under applicable regulations, an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 404.1520(c). The Fifth Circuit construes these regulations as setting forth the following standard of non-severity: "an impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

Here, the ALJ stated the severity standard as follows:

> An impairment or combination of impairments is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 404.1521; Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p).[2]

The ALJ did not cite *Stone*.

Plaintiff cites *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009), for the proposition that the "minimal effect" standard espoused by the ALJ is inconsistent with the Fifth Circuit's "slight abnormality" standard espoused in *Stone*. In *Scroggins*, the ALJ recited the same standard as the ALJ in this case. The district court held that "*Stone* provides no allowance for a minimal interference on a claimant's ability to work." *Id.* The court further held, as did *Stone*, that the failure to apply the correct standard is a legal error requiring remand. *Id.* at 806-07.

The Fifth Circuit has not addressed the precise issue raised in *Scroggins* and in this case. However, another district court performed a thorough analysis of the issue in *Acosta v. Astrue*, 865 F. Supp. 2d 767 (W.D. Tex. 2012). That court explained that SSRs 85-28 and 96-3p, issued post-*Stone*, indicate that the

---

[2] Dkt. 5-3, at 38.

Administration views the non-severity standard phrased in terms of "minimal effect" on the ability to work, as entirely consistent with the Fifth Circuit standard. *Id.* at 779-80. The *Acosta* court looked at Fifth Circuit cases applying the *Stone* standard and determined that *Scroggins* and other cases holding that the standard allows for no interference, even minimal, on the ability to work, construe *Stone* too narrowly. *Id.* at 781. Thus, the court concluded:

> . . . despite minor semantic differences, the standard used by the ALJ, and – by extension the standard promulgated in SSR 85-28 and SSR 96-3p and codified in 20 C.F.R. § 404.1520a(d)(1) to the extent they define a non-severe impairment as having no more than a minimal effect or limitation on ability to work – are consistent with and conform to the slight abnormality standard adopted by the Fifth Circuit.

*Id.* 783.

This court finds *Acosta* persuasive, and reaches the same conclusion here. As in *Acosta*, "because the ALJ applied the correct standard, his failure to expressly reference *Stone* or another court opinion of the same effect does not require a remand." *Id.*[3]

**2. The record supports the ALJ's non-severity determination**

---

[3] A recent Fifth Circuit case, *Taylor v. Astrue*, 480 Fed. App'x 302, 305 (5th Cir. June 28, 2012), analyzed the ALJ's failure to follow procedures set forth in *Stone* under a harmless error standard, casting some doubt on the presumption for automatic remand.

Coutee testified that she uses a quad-tipped cane but still falls once every 2-3 weeks. She stated that she suffers from numbness on her left side and shortness of breath, and has chest pains every 2-3 weeks. She said she needs to go to the bathroom 15-20 times a day, and she suffers from migraines 2-3 times per week. She reported anxiety and panic attacks, but denied taking any medication for these conditions. She also stated that she has trouble remembering things.[4]

In evaluating Coutee's claim, the ALJ relied on testimony from Dr. Beard, as well as her medical records and her activities of daily living. While Coutee's medically determinable impairments could reasonably be expected to produce her alleged symptoms, the ALJ found that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the finding that the claimant has no severe impairment or combination of impairments."[5]

Dr. Beard testified that Coutee suffered from hypertension that was well controlled. Dr. Beard further testified that Coutee had a transient ischemic attack in

---

4 Dkt. 5-3, at 60-69.

5 *Id.*, at 41.

February 2009, but her medical records indicate no residual limitations other than intermittent numbness of the fingers.[6]

Coutee cites a physical examination in August 2009 by Dr. Shahnaz Karim and a psychological exam on July 15, 2009 by Dr. Stanley Smoote as contrary evidence.

Dr. Karim performed a consultative physical medicine and rehabilitation examination on August 18, 2009.[7] Coutee completed the functional exam using her cane, but she was able to sit, stand, walk, move around and carry objects and speak well. Dr. Karim diagnosed Coutee with a history of left-sided weakness, which was "completely resolved." He noted her history of falling secondary to bilateral knee instability and history of shortness of breath, secondary to patent foramen ovale. He further noted her history of anxiety, hyperlipidemia and high blood pressure. He does not opine regarding any limitations shown by Coutee's medical history or his exam.

Dr. Smoote performed a consultive psychological examination of Coutee on July 15, 2009. He diagnosed her with anxiety disorder with a Global Assessment of Functioning of 60. But he noted that the diagnosis was provisional and based only

---

6 *Id.*, at 70-72.

7 Dkt. 5-8, at 71-72.

on her self-reporting.[8] The prior month, Chrysaundra Simmons, a social worker, examined Coutee and concluded she had a mood disorder, NOS.[9] Simmons's opinion is consistent with that of Don Marler, who reviewed the medical records and completed a Psychiatric Review Technique Form on August 1, 2009 indicating only mild restrictions of activities with no evidence of decompensation.[10]

Based on the above, the court concludes that the ALJ's determination that Coutee's impairments are not severe is supported by substantial evidence in the record.

**Conclusion**

For the reasons stated above, the court denies Coutee's motion and grants the Commissioner's motion. The court will issue a separate final judgment affirming the Commissioner's decision.

Signed at Houston, Texas on May 15, 2013.

Stephen Wm Smith
United States Magistrate Judge

---

8 Dkt. 5-8, at 55.

9 Dkt. 5-8, at 31.

10 Dkt. 5-8, at 57-69.